UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

AARON C. CHILDREE,

    PLAINTIFF,                      CASE NO.:

v.

ENGILITY LLC,

    DEFENDANT.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, AARON C. CHILDREE, by and through undersigned counsel, brings this Complaint against Defendant, ENGILITY LLC, and in support states as follows:

### JURISDICTION AND VENUE

1. This is an action for damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. for failure to pay overtime wages under 29 U.S.C. § 215(a)(3).

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 201 et seq.

3. Venue is proper in the Northern District of Florida, because all of the events giving rise to these claims arose in Bay County, Florida.

### PARTIES

4. Plaintiff is a resident of Bay County, Florida.

5. Defendant is authorized to do business, and doing business in Bay County, Florida. Specifically, Defendant operates a Military equipment support center in Panama City, Florida.

## GENERAL ALLEGATIONS

6. Plaintiff has satisfied all conditions precedent, or they have been waived.

7. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

8. Plaintiff requests a jury trial for all issues so triable.

9. At all times material hereto, Plaintiff was "engaged in the production of goods" for commerce within the meaning of Sections 6 and 7 of the FLSA, and as such was subject to the individual coverage of the FLSA.

10. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

11. At all times material hereto, Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

12. Defendant continues to be an "employer" within the meaning of the FLSA.

13. At all times material hereto, Defendant was and continues to be an enterprise engaged in the "providing of services for commerce" within the meaning of the FLSA, 29 U.S.C. §§ 203(r) and 203(s).

14. At all times relevant to this action, the annual gross sales volume of Defendant exceeded $500,000 per year.

15. At all times material hereto, Plaintiff, while employed by Defendant, did not fall within any of the classes of employees who are exempt from the FLSA's minimum wage or overtime provisions under 29 U.S.C. § 213.

16. Specifically, Plaintiff was not employed by Defendant in a bona fide administrative, executive, or professional capacity. In particular, Plaintiff had no authority to

hire or terminate any other employee of Defendant; he had no special or professional qualifications and skills for the explicit use of which he was employed by Defendant; and he had no control whatsoever over Defendant's business operations, even from an administrative standpoint.

17. Thus, Plaintiff is a "non-exempt employee" who is covered by the FLSA

18. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendant.

## FACTS

19. Plaintiff was employed by Defendant as a technician. Specifically, Plaintiff was hired by Defendant in September 2013, and he worked for Defendant in this capacity until August 2015.

20. At various times material hereto, Plaintiff worked for Defendant in excess of forty hours within a work week.

21. As a non-exempt employee, Plaintiff was entitled to be paid an overtime premium for all of the hours in excess of forty hours per week that Plaintiff worked. Specifically, Plaintiff was entitled to be compensated for all of the overtime hours that he worked at a rate equal to at least one and one-half times Plaintiff's regular hourly rate.

22. Defendant failed to pay Plaintiff the overtime premium mandated by the FLSA for all of the hours that Plaintiff worked in excess of forty hours within a work week.

23. Instead, Defendant only paid Plaintiff his regular hourly rate for all hours worked in excess of forty hours within a work week.

24. Plaintiff complained to his supervisor of not receiving overtime premium pay for hours worked in excess of forty hours worked within a work week.

25. Even after Plaintiff complained to his supervisor, Defendant failed to remedy its practice of only paying Plaintiff his regularly hourly rate for hours worked in excess of forty hours within a work week.

26. Defendant's actions were willful, and showed reckless disregard for the provisions of the FLSA.

## COUNT I – FLSA OVERTIME VIOLATION

27. Plaintiff realleges and readopts the allegations of paragraphs 1 through 26 of this Complaint, as though fully set forth herein.

28. During the statutory period, Plaintiff worked overtime hours while employed by Defendant, and he was not compensated for all of these hours in accordance with the FLSA.

29. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

30. As a result of the foregoing, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands:

    a) Judgment against Defendant for an amount equal to Plaintiff's unpaid back wages at the applicable overtime rate;

    b) Judgment against Defendant stating that Defendant's violations of the FLSA were willful;

c) An equal amount to Plaintiff's overtime damages as liquidated damages;

d) To the extent liquidated damages are not awarded, an award of prejudgment interest;

e) A declaratory judgment that Defendant's practices as to Plaintiff were unlawful, and grant Plaintiff equitable relief;

f) All costs and attorney's fees incurred in prosecuting these claims; and

g) For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this ____ day of October, 2015.

Respectfully submitted,

/s/ Matthew K. Fenton

**MATTHEW K. FENTON**
Florida Bar Number: 0002089
**WENZEL FENTON CABASSA, P.A.**
1110 North Florida Avenue
Suite 300
Tampa, Florida 33602
Direct Dial: 813-223-6413
Main Number: 813-224-0431
Facsimile: 813-229-8712
E-Mail: mfenton@wfclaw.com
E-Mail: tsoriano@wfclaw.com
**Attorneys for Plaintiff**