# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
### PANAMA CITY DIVISION

AARON CHILDREE,

    Plaintiff,

V.                           CASE NO. 5:15-cv-264-MW-GRJ

ENGILITY, LLC,

    Defendant.

_____ /

## SETTLEMENT AGREEMENT AND
## FULL AND FINAL RELEASE OF ALL CLAIMS

This SETTLEMENT AGREEMENT AND FULL AND FINAL RELEASE OF ALL CLAIMS (the "Agreement") is entered into between AARON CHILDREE ("Plaintiff") and ENGILITY, LLC ("Defendant") (collectively, the "Parties.")

WHEREAS, the Plaintiff has alleged Defendant engaged in unlawful practices under the Fair Labor Standards Act (the "Allegations") and filed a civil lawsuit in the U.S. District Court for the Northern District of Florida, Panama City Division, captioned Case No. 5:15-cv-264-MW-GRJ;

WHEREAS, Defendant denies all of the Allegations made; and

WHEREAS, the Parties hereto have agreed to resolve any and all claims the Plaintiff has against Defendant, including but not limited to the Allegations.

NOW, THEREFORE in exchange for the promises and considerations set forth below, the sufficiency of which is hereby acknowledged, the Parties to this Agreement hereby agree as follows:

1.    **FLSA Release:**  In exchange for and in consideration of the payment, as set forth in paragraph 2 below, Plaintiff, for himself, his attorneys, heirs, executors, administrators, successors and assigns, fully, irrevocably, unconditionally and forever waive, discharge, and release ("Releases") Defendant, its subsidiaries, parents, related and affiliated entities and companies, their boards of directors, shareholders, officers, employees, agents, administrators, trustees, attorneys, representatives, and their respective successors and assigns (the "Released Parties"), from any and all grievances, suits, liabilities, commitments, obligations, costs,



expenses, demands, damages, causes of actions, proceedings and claims, of any nature related in anyway whatsoever to the claims brought by Plaintiff pursuant to the FLSA.

2.     **Monies Paid:** In exchange for and in consideration of the Releases and promises of the Plaintiff in this Agreement, Defendant agrees to pay the total sum of ONE THOUSAND TWO HUNDRED FIFTY 00/100 ($1,250.00) DOLLARS (the "Payment"), which includes ONE THOUSAND and 00/100 ($1,000.00) DOLLARS in consideration for attorneys' fees and costs for the FLSA claims.  The Payment will be tendered as follows and mailed to Plaintiff's counsel within ten (10) business days of the final Court approval of this settlement:

   a.  $250.00 in Wages to Plaintiff, less applicable deductions as required by law; and
   b.  $1,000.00 in Attorneys' Fees and Costs.

3.     **Tax Indemnification:** For purposes of complying with the tax laws of the United States and the State of Florida, Plaintiff understands and agrees that the Payment for non-wage, compensatory, liquidated damages and/or attorneys' fees and costs are not to be considered wages and the Parties will consistently report and treat these amounts as non-wage damages and expenses.  Therefore, Plaintiff will provide Defendant with the appropriate IRS Form W-9 at the time of execution of this Agreement, and Defendant will provide Plaintiff with the appropriate IRS Forms 1099 to be issued for any non-wage damages and payments. The Plaintiff understands that any monies deemed to be wage damages will be subject to any federal, state, city, or municipality employment taxes and deductions.  In the event that the IRS subsequently determines that any of the settlement amount constitutes taxable income, Plaintiff agrees to be solely responsible for any and all federal, state or other tax liability, without regard to the nature of such tax, which could or may arise as a result of the Payment and further agrees to hold the Released Parties harmless from any claimed tax liabilities arising out of the Payment.

4.     **Dismissal of Civil Lawsuit:** Plaintiff agrees that upon the execution of this Agreement, his attorney shall prepare, execute and file all documents, in form and substance satisfactory to Defendant, proper or necessary to withdraw and otherwise terminate any and all pending suits or claims, in full, with prejudice, to the necessary governmental entities and/or courts.

5.     **No Admissions of Liability:** The Parties hereto agree that the Payment made to the Plaintiff provides him the full and complete relief of his FLSA claim, and the Plaintiff acknowledges that he is not owed any additional compensation, for any reason, from Defendant for hours worked at the Company. This Agreement is not, however, in any way an admission by Released Parties of any allegation, issue, fact or conclusion of law involving, concerning or in

any way referencing the Allegations.  Rather, Defendant denies having committed any violation of law.

The Parties agree and acknowledge that this Agreement shall not be interpreted to render either Party to be a prevailing party for any purpose, including but not limited to, an award of attorneys' fees under any law.  The Parties further agree that, except as provided herein, the Parties are solely responsible for their respective costs and fees incurred as a result of the Allegations.

6.   **Warranty of No Assignment**:  The Plaintiff warrants that he has not assigned, sold, subrogated, transferred to, or conveyed to anyone any actions, causes of action, claims, or demands that the Plaintiff now has or ever had against the Released Parties, and the Plaintiff further agrees to defend the Released Parties entirely at Plaintiff's own expense and to fully indemnify and forever hold harmless the Released Parties for any and all actions, causes of action, claims, or demands that may be brought against them by anyone to whom Plaintiff has assigned, sold, subrogated, transferred to, or conveyed any such action, causes of action, claims, or demands.

7.   **Choice of Law**:  The Parties hereto agree that the law governing the creation, interpretation, and enforcement of this Agreement is the law of the State of Florida.

8.   **Merger and Severability Clause**:  This Agreement, which is four (4) pages long, is effective upon execution (subject to paragraph 9 below), reflects the entire Agreement between the Parties and supersedes all prior or contemporaneous oral or written understandings, statements, representations or promises.  This Agreement may not be amended except by written agreement signed by all affected Parties.  The Parties agree that if any of the terms of this Agreement are, or become, null, void, unenforceable or inoperative for any reason, such provisions are, and shall be, severable and the remaining provisions of this Agreement are retained in full force and effect.

9.   **Counterparts**:  This Agreement will be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart will be deemed an original, and, when taken together with other signed counterparts, will constitute one Agreement, which will be binding upon and effective as to all Parties.  Signatures by facsimile will be deemed as an original signature.

10.   **THE PLAINTIFF AFFIRMS THAT HE HAS CAREFULLY READ THIS ENTIRE AGREEMENT AND FULLY UNDERSTANDS ALL THE TERMS OF THIS AGREEMENT INCLUDING, BUT NOT LIMITED TO, THE FACT THAT IT IS A FULL, COMPLETE, IRREVOCABLE AND UNCONDITIONAL RELEASE OF ALL CLAIMS THAT HE MAY NOW HAVE AGAINST THE RELEASED PARTIES, INCLUDING, BUT NOT LIMITED TO, THOSE CLAIMS ARISING OUT OF THE ALLEGATIONS, AND THAT HE EXECUTED THIS AGREEMENT VOLUNTARILY WITH FULL KNOWLEDGE OF ITS SIGNIFICANCE AND THE CONSEQUENCES THEREOF.**

Aaron Childree

_5/9/16_
Date

Matthew K. Fenton
Attorney for Plaintiff

_5-9-16_
Date

Engility, LLC

By:   Elizabeth A. Scott Duvall
Its:   Vice President, Assistant General Counsel,
       and Assistant Secretary

Date

Jennifer Monrose Moore
Attorney for Defendant

Date

24519287.1

4

_____     _____
Aaron Childree                        Date

_____     _____
Matthew K. Fenton                     Date
Attorney for Plaintiff

Engility LLC

_____     _____
By:   Susan Balaguer                  5/13/16
Its:  Senior Vice President and Chief Human   Date
      Resources Officer

_____     _____
Jennifer Monrose Moore                5-16-16
Attorney for Defendant                Date

24519287.1

4